UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61368-CIV-ZLOCH

MARILYN BELKIN and MARK
BELKIN,

        Plaintiffs,

vs.                                                               O R D E R

HOME DEPOT U.S.A., INC.,

        Defendant.
_____/

        THIS MATTER is before the Court upon Plaintiffs Marilyn Belkin and Mark Belkin's Motion For Remand (DE 8). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

        In the instant Motion (DE 8), Plaintiffs argue that the above-styled cause should be remanded because Defendant's Notice Of Removal was untimely pursuant to 28 U.S.C. § 1446(b). Specifically, Plaintiffs contend that Defendant was in receipt of papers establishing a basis for removal on June 11, 2007, when Plaintiffs sent their Responses to Defendant's Interrogatories and Requests For Production. Therefore, Plaintiffs' argue that Defendant violated the thirty-day time limit for removal by not filing its Notice Of Removal until September 25, 2007. 28 U.S.C. § 1446(b) (2006). Defendant opposes the instant Motion by claiming that it did not ascertain the value of Plaintiffs' claim exceeded $75,000 until it received the transcript from Plaintiff Marilyn Belkin's Deposition taken on August 30, 2007.

        Pursuant to § 1446(b), "a notice of removal may be filed

within thirty days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. Under § 1446(b), the operative document must unambiguously establish federal jurisdiction. Lowery v. Alabama Power Co., 483 F.3d 1184, 1214 (11th Cir. 2007) (citing Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002)(holding that the document must be "unequivocally clear and certain")).

After careful review of Plaintiffs' responses to Defendant's discovery requests, the Court finds that Plaintiffs' responses to Defendant's Interrogatories and Requests For Production were insufficient to unambiguously establish federal jurisdiction. Thus, the Defendant became certain that Plaintiffs' claim exceeded $75,000 on August 30, 2007, at the Deposition of Plaintiff Marilyn Belkin. DE 9, Ex. H. Therefore, Defendant's Notice Of Removal was timely filed on September 25, 2007.

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiffs, Marilyn Belkin and Mark Belkin's Motion For Remand (DE 8) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of December 2007.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

2